IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10896
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES LLOYD BYRD, a/k/a Dave
Fernandez, a/k/a Scott Thomas,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CR-17-A
- - - - - - - - - -
June 26, 1997

Before WISDOM, JOLLY, and JONES, Circuit Judges.

PER CURIAM:[*]

Charles Lloyd Byrd appeals his sentence for conspiracy to commit mail fraud and for mail fraud. Byrd contends that the district court erred in its intended-loss finding (1) by applying the wrong legal standard as to what constitutes "intended loss" and by making a finding of intended loss that was not supported by the record, (2) by calculating the intended loss based upon

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir R. 47.5.4.

conduct that would have been impossible to inflict, (3) by using calculations disparate from others given at the sentencing hearing by an investigating officer, (4) by using an estimate of the average intended loss per victim, and (5) by using a mathematically incorrect formula. This court has affirmed Byrd's coconspirator Lewis Martin's conviction and sentence after he raised similar appellate arguments.[2]

The district court did not err by including the 702 potential victims listed on the lead sheets in the loss calculation, or by assigning to them the average loss of each of the actual victims.[3] The district court's findings are reasonable given the facts, and the district court did not apply the wrong legal standard. Byrd's challenge to the sufficiency of the evidence underlying the district court's loss determination is without merit.[4] The impossibility of completion of the attempted offense does not, under the facts of this case, provide a basis for reversal. The district court's decision to adopt the more conservative loss calculation (the "success-rate" method) contained in the PSR Addendum reasonably accounted for the

---

[2] *See* United States v. Martin, No. 96-10879 (5th Cir. Mar. 19, 1997).

[3] United States v. Chappell, 6 F.3d 1095, 1101 (5th Cir. 1993); U.S.S.G. § 2F1.1, comment. (n.8).

[4] *See* United States v. Gray, 105 F.3d 956, 969 (5th Cir. 1997)(*citing* United States v. Rodriquez, 897 F.2d 1324, 1327-28 (5th Cir. 1990)).

likelihood that Byrd, for whatever reason, could not have succeeded in defrauding all of the 710 potential victims.[5] The district court properly concluded that the record supports the PSR calculations. Byrd did not offer evidentiary support or a sworn statement to rebut the information in the PSR. The district court did not err by adopting the PSR.[6] Given the facts in the record and the guidance of U. S. S. G. § 2F1.1, comment. n.8, the district court's estimation of the total intended loss based on its estimation of the average loss per victim was reasonable. The district court's calculation of average intended loss per victim using 40 victims instead of 100 was mathematically correct. Finding no error the district court is AFFIRMED.

---

[5] United States v. Ismoila, 100 F.3d 380, 396 (5th Cir. 1996), *cert. denied*, 1997 WL 181203 (1997).

[6] See United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995).